UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN L. PERRY,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOSEPH R. BIDEN, JR., *in his official capacity as President of the United States of America, et al.*,<br><br>                    Defendants. | Case No. 1:21-cv-00548 (TNM) |

## MEMORANDUM OPINION

Plaintiff Kevin Perry sues a collection of state and federal defendants (collectively, Defendants) contending that the County of San Diego's decision to contract with private transportation companies is connected to his loss of various employment benefits and to President Biden's allegedly illegitimate victory in the 2020 presidential election. *See* Second Amended Complaint (SAC), ECF No. 53. Defendants move to dismiss. *See* Cnty. of San Diego Mot. to Dismiss, ECF No. 55; Rob Bonta Mot. to Dismiss, ECF No. 57; Federal Defendants' Mot. to Dismiss, ECF No. 60; FirstGroup America, Inc.'s Mot. to Dismiss, ECF No. 63; Metropolitan Transit System's Mot. to Dismiss, ECF No. 80. The Court will grant Defendants' motions for three independently adequate reasons.[1]

*First*, Perry did not comply with a vexatious litigant injunction issued against him by the Southern District of California. *See Perry v. Veolia Transp.*, No. 11-CV-176-LAB-RBB, 2011

---

[1] Perry applied for a three-judge panel. *See* ECF No. 9 at 3. "[A]n individual district court judge may consider threshold jurisdictional challenges prior to convening a three-judge panel." *Wertheimer v. Fed. Election Comm'n*, 268 F.3d 1070, 1072 (D.C. Cir. 2001). Because the Court decides no federal court has subject matter jurisdiction over Perry's case, it declines to convene a three-judge panel.

WL 4566449 (S.D. Cal. Sept. 30, 2011). The *Veolia* Court noted that Perry had brought at least twelve suits—many alleging identical issues—in the preceding fourteen years and that state courts had twice found him a vexatious litigant. *Id.* at *10. Noting that these suits were "frivolous" and "form[ed] a pattern of harassment," the *Veolia* Court entered a vexatious litigant injunction against Perry that requires him to comply with certain requirements when filing in federal court. *Id.* at *10–*11. The court warned that failure to comply could lead to dismissal. *Id.* at *11.

Perry has violated the injunction. The *Veolia* Court required him to serve defendants in future cases with a copy of its injunctive order. *Id.* Several Defendants allege Perry did not serve them with the order. *See, e.g.*, Cnty. of San Diego Mem. in Supp. of Mot. to Dismiss at 8, ECF No. 55 (stating Perry did not serve the County with the order); FirstGroup Mem. in Supp. of Mot. to Dismiss at 11, ECF No. 63-1 (same).[2] Perry's memoranda in opposition do not contest these claims. *See* Mem. of P. & A. in Opp'n to Mot. to Dismiss filed by Cnty. of San Diego ("Opp'n to S.D. Mot."), ECF No. 62; Mem. of P. & A. in Opp'n to Mot. to Dismiss filed by FirstGroup America, Inc., ECF No. 70.[3]

---

[2] All page citations refer to the pagination generated by the Court's CM/ECF system.

[3] Perry maintains the Court found the injunctive order moot. *See* Opp'n to S.D. Mot. at 2. Not so. The *Veolia* Court required Perry to request leave to file any complaint in federal court. *Veolia*, 2011 WL 4566449, at *11. The Court granted Perry leave in its April 8, 2021 Minute Order. But the Minute Order did not free Perry from complying with the injunction's other requirements.

Perry also contends the injunctive order is void because the "'injunction issue' should have been filed in state court in San Diego, California." Opp'n to S.D. Mot. at 3–4. But Perry is wrong because "a court may dismiss a complaint filed by a vexatious litigant that violates an injunctive order entered by another court." *Dantzler v. U.S. E.E.O.C.*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011) (cleaned up).

The injunction also required Perry to file an affidavit certifying that the Complaint raises new issues that have never been raised by him in state or federal court. *Veolia*, 2011 WL 4566449, at *11. Perry filed the affidavit, *see* SAC at 131–32, but his Second Amended Complaint rehashes many of the same issues litigated in *Veolia*. In *Veolia*, for example, Perry argued that the County did not have the "legal authority to 'contract out' public transit services to FirstGroup," that he should be declared a County employee, and that he was denied pension and overtime compensation. *Veolia*, 2011 WL 4566449, at *1–*2. Here, Perry argues that the County illegally contracted with private transportation providers, SAC at 58–59, that he should be considered a County employee, *id.*, and that he should receive County employee benefits including pension and mealtime compensation, *id.* at 85, 91. Perry claims he complied with the injunctive order because his Complaint "contains new facts, parties, and issues which have never been raised in another court." SAC at 131. But even if it is true that adding new issues allows Perry to also raise old ones, the new issues are frivolous, as discussed below.

*Second*, courts lack subject matter jurisdiction over frivolous complaints like Perry's. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . wholly insubstantial . . . [or] obviously frivolous[.]") (cleaned up); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision.") (cleaned up).

Perry weaves a fantastical narrative connecting the County's decision to contract with private transportation companies to his deprivation of employment benefits and an illegal

3

campaign contribution to President Biden and Vice President Harris. *See* SAC at 12, 15, 39, 100–08. Perry argues that former California Attorneys General Becerra and Harris improperly refused to recover funds the County paid to the private transportation companies, *id.* at 84–85, and that these funds somehow ended up in a "slush fund" totaling $220 million dollars which George Soros used to promote Democrats in the 2020 election, *id.* at 45–46. Perry's evidence for these claims consists of emails, court filings from other cases, letters he has written to various officials, news articles, and other items that do not support his claims. *See* ECF No. 48-3 (appendices to SAC). Perry's Second Amended Complaint is "obviously frivolous," and thus it strips the Court of subject matter jurisdiction and violates another requirement of the injunctive order. *See Veolia*, 2011 WL 4566449, at *11 (requiring Perry to accompany a complaint filed in federal court with an affidavit certifying that "his claim is well-grounded in fact and in law and is not frivolous").

*Third*, Perry cannot show the Court has personal jurisdiction over any of the Defendants except the Federal Defendants, and he lacks standing as to them.[4]

First, personal jurisdiction. To exercise general personal jurisdiction, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Perry presents no evidence that either of the two non-federal, individual Defendants—Rob Bonta and Summer Stephan—are "at home" in Washington, D.C. Of the corporate and

---

[4] The Federal Defendants are President Joe Biden, Vice President Kamala Harris, and Attorney General Merrick Garland. Xavier Becerra, now the United States Secretary of Health and Human Services, was sued only in his former capacity as California Attorney General. Perry arguably could show the Court has personal jurisdiction over Becerra, but he makes no such attempt in his Second Amended Complaint.

government Defendants, Metropolitan Transit System is based in California, FirstGroup America, Inc. is based in Ohio, FirstGroup PLC is based in the United Kingdom, and the County of San Diego is based in California. SAC at 2–3. None of these Defendants can be "fairly regarded as at home" here. *Goodyear*, 564 U.S. at 924. So general personal jurisdiction does not apply.

For specific jurisdiction, the suit must relate to a "defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). To establish specific jurisdiction, Perry "must show that jurisdiction is proper under both (1) the District of Columbia's long-arm statute and (2) the U.S. Constitution's Due Process Clause." *IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 110 (D.D.C. 2018). Perry makes no attempt to show that the long-arm statute applies. And the Due Process Clause requires "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Perry has made no showing that any of the non-federal Defendants conduct activities within Washington, D.C. Thus, Perry has not established specific jurisdiction over the non-federal Defendants.

Finally, standing as to the Federal Defendants. "To establish Article III standing, plaintiffs must demonstrate that they have suffered an injury in fact, that their injury was caused by the challenged conduct of the defendant, and that the requested relief is likely to redress their injury." *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Libr. of Cong., Inc. v. Billington*, 737 F.3d 767, 770 (D.C. Cir. 2013). Even if Perry has suffered an injury in fact, he cannot show it was caused by the Federal Defendants. The conduct he complains of—the County's decision to contract out public transportation services to FirstGroup and the California

Attorney General's failure to investigate this contract—has nothing to do with the Federal Defendants in their official capacities. And even if the Court were to credit Perry's allegations that the County's contract with FirstGroup is somehow connected to a slush fund controlled by George Soros that made illegal campaign contributions to President Biden and Vice President Harris, that is a general grievance that does not confer standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992) ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.").

For these reasons, the Court will grant Defendants' motions and will dismiss Perry's Second Amended Complaint with prejudice. The Court may dismiss a complaint with prejudice when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Perry's Second Amended Complaint alleges such a far-reaching, fanciful conspiracy that he could not allege facts consistent with his claims that would cure the deficiencies the Court has identified.

A separate Order will issue.

Dated: October 29, 2021                                               TREVOR N. McFADDEN, U.S.D.J.